

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR - 8 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

ETHEL M. DATCHER                                                    **PLAINTIFF**

V.                                    CIVIL ACTION NO.: 3:16-cv-258 TSL-RHW

DOLLAR GENERAL CORPORATION                                         **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW,** Plaintiff, Ethel M. Datcher, and brings this action against her former employer, Dollar General Corporation. Plaintiff is seeking monetary, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to discrimination in the terms and conditions of her employment with Defendant. The actions of the Defendant are in violation of the Americans with Disabilities Act of 1990, as amended.

### THE PARTIES

1.  Plaintiff, Ethel M. Datcher, is an African-American female resident of Franklin County, Mississippi, residing at 91207 C Road, Roxie, MS 39661.

2.  Defendant, Dollar General Corporation is a Tennessee Corporation doing business in Mississippi and may be served with process through its Registered Agent, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, MS 39211.

### JURISDICTION

3.  This court has federal question and civil rights jurisdiction for actions that arise under the Americans with Disabilities Act of 1990 (ADA).

4.  This Court has personal and subject matter jurisdiction over the Defendant

1

and venue is proper in this Court.

5.      Plaintiff timely filed a Charge of Discrimination with the EEOC on July 28, 2015, a true and correct copy of which is attached as Exhibit "A."  On March 8, 2016, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Rights.

## STATEMENT OF FACTS

6.      Plaintiff was hired by Defendant on February 24, 2010 as a cashier and was promoted in six months to assistant manager.

7.       On December 13, 2011, Plaintiff sustained an on-the-job injury to her shoulder but continued to work in pain for the next two days.  On December 15, 2011, Plaintiff reported her injury to her manager, Ms. Willa Harris.

8.      Plaintiff was sent by Defendant's Risk Management Department to see Dr. Lawrence Line at Southern Bone and Joint in Hattiesburg, MS, and was given steroid shots and pain pills.  These did not alleviate Plaintiff's pain, so she had arthroscopic surgery on her shoulder on April 2012.

9.      Plaintiff was still unable to perform her regular duties because of excessive pain.

10.     Plaintiff was then told by her surgeon, Dr. Lines, that if Dollar General was unwilling to allow him to perform another surgery on Plaintiff's shoulder to remove scar tissue, then he would no longer treat her, leaving her a work status of "may return to work, modified duty, no lifting more than 5 pounds and no overhead work."

2

11    Plaintiff's manager, Willa Harris, quit the company. Defendant hired Ms. Francine Frith as Plaintiff's new manager; Plaintiff informed Ms. Frith of her disability.

12.    In July 2014, the company moved to a new bigger store, and Plaintiff was offered the "freezer person" job at a pay rate of $13.00/hour.  She accepted and was told that she would have 30 hours a week to work on stocking the freezer.

13.    Instead, Plaintiff was given only 3 hours to stock 3 pallets of frozen food; because of her disability and Defendant's refusal to reasonably accommodate her restrictions, she was unable to get it done in this time period, so was demoted to $10.00 per hour.

14.    The job was given to another employee who had 2 other employees and the manager to help and 8 hours in which to get the job done.

15.    Plaintiff's hours were cut from 30 plus to 16 hours a week and she was put on the night shift and was responsible for closing the store 5 nights a week.  This assignment violated her work restrictions because it required her to lift heavy objects and do overhead work.

16.    Closing the store included cleaning the entire store, recovering the entire store, counting all the cigarettes, sweeping and mopping the entire store, balancing the cashier and making the night deposit.  The store closed at 10:00 PM, and Plaintiff had to be out by 10:15 PM.  She was not allowed to work overtime or to work off the clock to complete her closing duties.

17.    Due to the strenuous responsibilities in closing the store, Plaintiff's pain increased because she had to repeat the same duties every night.  Plaintiff was in such constant pain that she had to sleep in a recliner because it hurt too much to lie down.

18. Plaintiff was written up over and over again for the same thing; she stated on one of the progressive counseling forms the reason why she was unable to finish everything required, Defendant's unreasonable refusal to reasonably accommodate her restrictions, but Defendant ignored her pleas for help.

19. On February 10, 2015, Plaintiff was written up a final time and terminated.

20. Plaintiff was awarded unemployment by the MDES Administrative Law Judge because Defendant filed to accommodate Plaintiff's medical restrictions and not because of any misconduct. Defendant is now collaterally estopped by the factual determination of the MDES Administrative Law Judge. A copy of the MDES Decision is attached as Exhibit "C."

21. Defendant made no offer to accommodate Plaintiff or work with her in any manner prior to terminating her.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF THE ADA
### FAILURE TO MAKE REASONABLE ACCOMODATIONS

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. The Defendant violated the ADA by arbitrarily refusing to reasonably accommodate the Plaintiff's request for reasonable accommodations based on her disability.

24. The Defendant violated the ADA by not accommodating Plaintiff after her on-the-job injury and by arbitrarily terminating her employment.

25. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

4

26.    The Defendant failed to reasonably accommodate, modify or adjust Plaintiff's job so that it would be possible for Plaintiff with her disability to perform the essential functions of her job, and also, so that Plaintiff could enjoy the same benefits and privileges of employment that are available to any person without a disability.

27.    The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1.    Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;
2.    Compensatory damages against Defendant in an amount to be determined by the jury;
3.    Interest;
4.    Punitive damages against Defendant in an amount to be determined by the jury;
5.    All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under the ADA; and
6.    Such further relief as is deemed just and proper.

THIS the 8th day of April 2016.

Respectfully submitted,

ETHEL M. DATCHER, PLAINTIFF

By:    _____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

5

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com